**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> PATRICK JOSEPH DELUMEAU, <br><br> Defendant - Appellant. | No. 25-5558 <br><br> D.C. No. <br> 3:19-cr-00089-RRB-MMS-1 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted August 12, 2026**
Anchorage, Alaska

Before: CALLAHAN, BEA, and BUMATAY, Circuit Judges.

Patrick Joseph Delumeau appeals the revocation of his supervised release,

arguing that the government failed to show that Delumeau violated state law,

specifically Assault in the Third Degree—Causing Fear with a Weapon.  Alaska

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Stat. §§ 11.41.220(a)(1), 11.81.900(a)(3). When reviewing a sufficiency-of-the-evidence challenge to a supervised release revocation, we consider whether "any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *United States v. Aquino,* 794 F.3d 1033, 1035–36 (9th Cir. 2015) (internal citation and quotation marks omitted). We affirm.

Under Alaska state law, a conviction of Assault in the Third Degree with a weapon requires that the defendant (1) place the victim in fear of imminent, serious physical injury; (2) do so with a dangerous instrument; and (3) do so at least recklessly. Alaska Stat. § 11.41.220(a)(1). Based on the evidence in the record, a rational trier of fact could have found that Delumeau's intent to "scare" the woman into returning stolen property while armed with a knife meets the recklessness standard. Alaska Stat. § 11.81.900(a)(3) (defining recklessness). A "rational trier of fact" could have concluded "by a preponderance of the evidence," *Aquino*, 794 F.3d at 1035–36 (simplified), that Delumeau was at least "aware of and consciously disregard[ed] a substantial and unjustifiable risk," Alaska Stat. § 11.81.900(a)(3), that his conduct would cause "fear of imminent serious physical injury," Alaska Stat. § 11.41.220(a)(1)(A). A witness's testimony that she saw what appeared to be a knife and Delumeau's admission to his parole officer that he was armed with a knife that day support the conclusion that Delumeau used a dangerous weapon. And the woman's screaming and shaking while missing chunks of hair supports the inference

2                                                                                              25-5558

that Delumeau placed his victim "in fear of imminent[,] serious physical injury." Alaska Stat. § 11.41.220(a)(1). Alaska courts do not require direct victim testimony for the government to meet its burden as to the fear element. *See Hughes v. State*, 56 P.3d 1088, 1093 (Alaska Ct. App. 2002).

Therefore, the district court did not err in adopting the magistrate judge's findings that Delumeau violated his supervised release by committing Assault in the Third Degree—Causing Fear with a Weapon, a violation of Alaska state law.

**AFFIRMED.**